IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA TAPIA

        **Plaintiff,**

v.                                                                                                  No. 22-cv-0716 WJ/JHR

**UNITED STATES OF AMERICA,**

        **Defendant.**

## ORDER SETTING CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS

**THIS MATTER** came before the Court on a telephonic Rule 16 scheduling conference held on February 14, 2023. Thomas Allison appeared for Plaintiff and AUSA Maria Dudley appeared for Defendant. Neither party raised issues with initial disclosures. The Court informed the parties of the Court's informal discovery dispute procedure prior to filing a motion. Following a review of the attorneys' Joint Status Report and Provisional Discovery Plan, and after conferring with counsel, the Court will permit the following discovery:

    a)    Maximum of twenty-five (25) Interrogatories per party;

    b)    Maximum of twenty-five (25) Requests for Production per party;

    c)    Maximum of twenty-five (25) Requests for Admission per party;

    d)    Maximum of five (5) depositions, excluding experts, per party;

    e)    Depositions of all witnesses limited to seven (7) hours unless otherwise agreed by the parties.

Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.

The Court has set the following management deadlines:

a) Deadline for Plaintiffs to move to amend pleadings/ add additional parties[1]:   February 25, 2023

b) Deadline for Defendant to move to amend pleadings/add additional parties[1]:   March 25, 2023

c) Plaintiffs' Rule 26(a)(2) expert disclosure[2]:   June 13, 2023
d) Defendant's Rule 26(a)(2) expert disclosure[2]:   July 13, 2023

e) Termination date for discovery:   October 31, 2023

f) Motions relating to discovery to be filed by:   November 7, 2023

g) Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by[3]:   December 12, 2023

h) Pretrial Order from Plaintiff to Defendant 14 days after pending Pretrial motions are resolved or, if there are no pending motions, December 26, 2023.

i) Pretrial Order due to Court: 14 days after the Pretrial Order from Plaintiff is served upon Defendant.

---

[1] Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a). *See, e.g., Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

[2] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[3] This deadline applies to motions related to the admissibility of experts or expert testimony that may require *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a deadline for the submission of motions in limine and other trial-related deadlines in a separate order.

The parties anticipate a three-to-five-day bench trial and a tentative remote settlement conference in August 2023. Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute. Discovery motions that fail to conform to this requirement may be summarily denied. Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE